David Holston RODDY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6785.

United States Court of Appeals
Tenth Circuit.

Nov. 3, 1961.

Fred W. Woodson, Tulsa, Okl., for appellant.

James L. Burton, Asst. U. S. Atty., Tulsa, Okl. (Russell H. Smith, U. S. Atty., Tulsa, Okl., was with him on the brief), for appellee.

Before LEWIS and BREITENSTEIN, Circuit Judges, and CHILSON, District Judge.

CHILSON, District Judge.

In 1947 the appellant Roddy waived indictment and entered a plea of guilty to an information charging him with a violation of the Dyer Act.[1] He was sentenced to 18 months imprisonment and the sentence has long since been served.

Appellant is now confined in the Kansas state penitentiary as an habitual criminal. One of the prior convictions upon which his present sentence is based is the 1947 Dyer Act conviction.

In March, 1961, appellant attacked the Dyer Act conviction by petition filed with the sentencing court, designated "Petition for Writ of Error Coram Nobis, in Nature of, Motion to Vacate, Set Aside and Void, Illegal Sentence, by Title 28, U.S.C.A., Section 2255."

The District Court had the power to entertain the petition even though the appellant had served his sentence. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

The lower court, after hearing the petition on its merits, denied the relief requested and appellant has appealed.

The appellant, as grounds in support of his appeal, states that the trial court (the sentencing court) erred in not invoking Rule 5, Rule 32(a), Rule 32(c) (1) and (2), and Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C., prior to or at the time of sentence.

Rule 5 provides for the taking of an arrested person before a United States Commissioner and the right of the accused to have a preliminary examination. The appellant was not taken before a Commissioner and was not given the right of a preliminary examination.

A preliminary examination before a United States Commissioner is not a condition precedent to prosecution by information. United States v. Pickard, 9 Cir., 207 F.2d 472. Consequently, the failure to have a preliminary examination is not a ground for a collateral attack on the sentence and judgment.

Assuming that the failure to take the appellant before the United States Commissioner constituted an illegal arrest, an illegal arrest does not void a conviction, nor is it grounds for a collateral attack upon a judgment of conviction. Plummer v. United States, C.A.D.C., 260 F.2d 729; Hernandez v. United States, 5 Cir., 256 F.2d 342.

Rule 32(a) provides:

"Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

This was not done.

The only relief to which the appellant is entitled by this omission is to

---

1. Title 18 U.S.C. § 2312. "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

be resentenced after being afforded his right of allocution.

We said in Kahl v. United States, 10 Cir., 204 F.2d 864, at 866:

"However, since Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392, the remedy for a sentence void in whole or in part is to apply to the court for vacation of the sentence and proper resentence in accordance with the statute under which the accused is adjudged guilty. United States v. Lynch, 7 Cir., 1947, 159 F.2d 198. This exclusive remedy was recognized and adopted in Title 28 U.S.C.A. § 2255 * * *."

It is not suggested by the appellant that he be resentenced. Having served the sentence imposed, resentencing would be a useless procedure and gain the appellant nothing.

■ Rule 32(c) (1) and (2) provides for a presentence investigation and report, but as counsel for the appellant points out, the court is not required to order such a report. United States v. Williams, 3 Cir., 254 F.2d 253; United States v. Karavias, 7 Cir., 170 F.2d 968.

However, it appears from the appellant's brief that his basic complaint concerning non-compliance with the foregoing rules is that when he entered his plea of guilty in 1947, he was in fact mentally incompetent and he could not have understandingly and voluntarily entered a plea; and, says appellant, if a preliminary examination had been held under Rule 5, and if appellant had been allowed his right of allocution under Rule 32(a) and if a presentence investigation and report had been made under Rule 32(c) (1) and (2), the mental incompetence of the defendant would have been apparent to the court, and the court, acting under Rule 11, would not have accepted the defendant's plea of guilty.

Rule 11 provides:

"The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily and with understanding of the nature of the charge."

The question of whether or not the defendant did or did not voluntarily and with understanding of the nature of the charge enter his plea of guilty, is a question of fact. The lower court so treated it, held a hearing thereon, and found that the appellant had the mental capacity to understand the nature of the proceedings and cooperate with his counsel, and that he did have an understanding of the nature of the charge at the time of his plea.

■ If the evidence supports the lower court's findings of fact, the lower court should be affirmed. Nunley v. United States, 10 Cir., 283 F.2d 651; Hurst v. United States, 10 Cir., 180 F.2d 835.

■ The record discloses that the appellant was arrested in the State of Oklahoma for stealing an automobile and issuing bogus checks. While he was held on these charges he confessed to the Dyer Act violation.

Appellant was represented by experienced counsel who was advised by the state prosecutor that the best that the appellant could expect on the state charges would be a five-year sentence, and that he could get up to twenty years.

Appellant's counsel determined that appellant would fare better if the state court cases could be dismissed and the appellant sentenced in federal court.

After discussing the situation with appellant, appellant and his counsel waived indictment on the Dyer Act charge, the contents of the information were explained to appellant by his counsel, the information was read in open court in the presence of appellant and his counsel, the appellant himself entered the plea of guilty, and when sentence of eighteen months was imposed, the Court asked him if he understood the sentence, and the appellant answered that he did. After imposition of this sentence the state charges were dismissed.

Appellant's counsel testified that appellant was sane and mentally capable of

assisting him. The sentencing judge, in answer to interrogatories, stated that at the time of the arraignment it did not appear that appellant was incapable of aiding counsel in the preparation of his defense by virtue of his mental condition.

Psychiatric reports introduced in evidence indicate that from examinations made in April and July of 1947, appellant was neurotic but not psychopathic.

There is ample evidence to sustain the findings of fact of the lower court and its denial of the petition.

The judgment is affirmed.