Ervin Gerald KRISTIANSAND,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20358.

United States Court of Appeals
Fifth Circuit.

June 25, 1963.

Ervin Gerald Kristiansand, in pro. per.

Robert S. Travis, Asst. U. S. Atty., Fort Worth, Tex., Barefoot Sanders, U. S. Atty., William L. Hughes, Jr., Asst. U. S. Atty., for appellee.

Before HUTCHESON, Circuit Judge, LUMBARD *, Chief Judge, and BROWN, Circuit Judge.

* Of the Second Circuit, sitting by designation.

JOHN R. BROWN, Circuit Judge.

On this appeal from a denial of Petitioner's § 2255 motion to vacate judgment and sentence, we are confronted with the question of whether the petition alleges matters which may properly be made the subject of a § 2255 motion. We are of the opinion that Petitioner asserts nothing within the scope of § 2255, and, accordingly, we affirm the judgment.

Petitioner was indicted, tried and convicted of knowingly transporting a stolen airplane in interstate commerce from Arizona to Texas. 18 U.S.C.A. § 2312. Petitioner did not appeal from this conviction. Rather, a few months later, he attacked the conviction by a § 2255 motion alleging facts which would be the proper subject of a direct appeal from the conviction. The trial Judge denied his motion and Petitioner has appealed to this Court.

Petitioner's primary contention is that there was insufficient evidence to sustain a conviction, and that the trial Judge permitted irrelevant evidence to be introduced at the trial. The authorities uniformly and without number hold that § 2255 may not be used as a substitute for an appeal and that insufficiency or irrelevance of evidence is not ground for relief under this section. E. g. Cawley v. United States, 5 Cir., 1958, 251 F.2d 461; Arthur v. United States, 5 Cir., 1956, 230 F.2d 666; Link v. United States, 8 Cir., 1961, 295 F.2d 259, cert. denied, 1962, 368 U.S. 1003, 82 S.Ct. 638, 7 L.Ed.2d 542; United States v. Washington, 7 Cir., 1961, 287 F.2d 819.

Without alleging what facts existed which make it so, Petitioner asserts the legal conclusion that his arrest was illegal. Treating this most favorably to Petitioner, we assume as he seems to imply that his arrest was procured by wiretapping. Accepting this as true, it does not affect the legality of the conviction on a later, valid trial. It goes only to the legality of the arrest which may not be grounds for a § 2255 attack on the conviction. Hernandez v. United States, 5 Cir., 1958, 256 F.2d 342, cert. denied,

358 U.S. 851, 79 S.Ct. 80, 3 L.Ed.2d 85; Plummer v. United States, 1958, 104 U.S. App.D.C. 211, 260 F.2d 729; Roddy v. United States, 10 Cir., 1961, 296 F.2d 9.

The only claim of any substantial merit which Petitioner makes is that his conviction is void because of the admission into evidence of a statement obtained during a period of alleged unlawful detention following his arrest. See F.R.Crim.P. 5(a) and McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. Petitioner asserts that he was arrested at 9:30 p. m. and was not taken before a committing magistrate until 4:00 p. m. on the following day. The statement was made sometime during the morning preceding his appearance before the Commissioner. There are no factual allegations which even remotely raise a question that the statement was coerced, that it was anything but a voluntary admission freely made, or that Petitioner was mistreated in any way during this brief confinement. The petition asserts nothing more than the proposition that too much time elapsed between the arrest and the appearance before the Commissioner. Ordinarily, unlawful detention is not the proper subject of a collateral attack asserted against a conviction resulting from a trial not infected by denial of constitutionally guaranteed rights. Bright v. United States, 8 Cir., 1960, 274 F.2d 696; Plummer v. United States, 1958, 104 U.S.App. D.C. 211, 260 F.2d 729; Adkins v. United States, 8 Cir., 1962, 298 F.2d 842; Roddy v. United States, 10 Cir.; 1961, 296 F.2d 9. Without yet deciding the matter, this Court has intimated that if a person is prejudiced by an unlawful detention, this might be grounds for collateral relief. Morse v. United States, 5 Cir., 1958, 256 F.2d 280. But none of the papers or the petition show that Petitioner has been prejudiced by reason of this delay or the slight detention. The statement on its face indicated that Petitioner was advised of his constitutional rights to remain silent, that he was advised of his right

to counsel, and that he was not offered promises of reward. At the trial on voir dire, the trial Judge very patiently elicited from Petitioner's own mouth that neither before nor after signing the statement was he pressured or intimidated in any way. And the Judge cautioned the jury that should they find the statement to have been involuntarily made, they would not consider it as evidence against Petitioner. Of course, the statement was prejudicial in the sense that it was a categorical admission amounting to a confession. But the question is not whether as a result of the statement he was hurt. Rather, for this proceeding, it is whether the statement was the result of circumstances, facts, etc. which deprive it of the requisite voluntariness. The files and records in this case conclusively show that Petitioner is entitled to no relief. Hamilton v. United States, 5 Cir., 1958, 253 F.2d 421.

Affirmed.