Willie Ray PLASTER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24384.

United States Court of Appeals
Fifth Circuit.

June 26, 1967.

Willie Ray Plaster, Tallahassee, Fla., pro se.

E. J. Salcines, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, Thomas G. Wilson, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

GEWIN, Circuit Judge:

This is an appeal from an order of the United States District Court for the Middle District of Florida denying relief sought by appellant pursuant to his motion under the provisions of 28 U.S.C. § 2255. There was no plenary hearing but the court considered the contentions of the appellant as set forth in his motion or petition, the response thereto, and the court files and transcript of the proceedings in the criminal case in which the appellant was found guilty and sentenced. We affirm.

The appellant was charged in a four count indictment with violating §§ 471, 472 and 473 of Title 18 U.S.C. by counterfeiting and possessing over a half million dollars worth of counterfeit Federal Reserve Notes, and further with a violation of § 371 of Title 18 of U.S.C. by conspiring to violate the above mentioned

statutes. At arraignment in December 1965, a plea of not guilty was entered. When the case was called for trial in February 1966, the appellant was represented by privately retained counsel. In the presence of his retained counsel appellant advised the court that he wished to change his plea from not guilty to guilty under counts 1 and 4 of the indictment. When the guilty plea was entered two counts of the indictment were dismissed upon motion of the Government. The appellant was adjudged to be guilty of the charges in counts one and four and was given a sentence of five years under each of the two counts to which the guilty plea was entered, the sentences to run concurrently. No objection or protest was made at the time of sentencing.

In his § 2255 motion, filed sometime after incarceration, the appellant alleged that his guilty plea was induced or procured by his reliance on a "deal" which he contends was made between his privately retained counsel and the Assistant United States Attorney. Under the alleged arrangement he was to receive a substantially shorter sentence than the sentence actually imposed. Appellant does not specifically allege that his plea was involuntary but he contends that he was threatened with a longer sentence if he did not cooperate. Although appellant's motion is inartfully drafted and may not be technically sufficient to raise the issue of the voluntariness of his plea, we prefer to proceed directly to the merits of his appeal and give full consideration to the voluntariness question and all of his contentions.

■ The record amply demonstrates great care and patience on the part of the trial court at the time the guilty plea was entered and at the time of sentencing. Not only did the court question appellant's retained counsel as to whether the plea was made voluntarily and with understanding, the court addressed the appellant personally and directly in open court. The appellant made ample, straightforward and convincing assurance to the court that he was acting voluntarily, that he fully understood the nature of the charges against him, the penalty which could be imposed upon him, and asserted that he had discussed the case with his retained counsel and had been advised by him. He professed an awareness of the fact that under his guilty plea he would not receive a jury trial and that the only thing left to be done was the imposition of sentence. The court offered to read the indictment but the appellant interrupted and asserted that a reading of it was not necessary because he understood it and he had a copy of it. The court asked him directly how he wished to plead and the response was that he desired to plead guilty. The court continued its interrogation as to whether any promises, representations or threats had been made to appellant "to procure" the guilty plea and whether there was "any reason for this plea other than the fact of guilt." Appellant assured the court that there were no such promises, threats, or representations and that he pled guilty because of "the fact of guilt." Further, the Assistant United States Attorney asked the court for permission to question appellant which was granted. The prosecutor again questioned the appellant in a very thorough manner touching his understanding of the proceedings and the voluntariness of his plea. Again the appellant made the same assurances as to his understanding and the voluntariness of his actions. The record amply and clearly shows that there was a careful compliance with the letter and the spirit of Rule 11 of the F.R.Cr.P. See Brown v. Beto (5 Cir. 1967) 377 F.2d 950 (1967).

At the time of sentencing and shortly before the sentence was imposed the appellant informed the trial judge of his desire to say something to the court. Thereupon he voluntarily related to the court the background and facts relating to the charges against him which clearly established his guilt beyond any question. At this time appellant's counsel also made a rather extensive statement to the court aimed at mitigation of the sentence to be imposed. The record

shows that the appellant is not ignorant or immature.

■ It is well settled that a plea of guilty which is induced or procured by promises or threats can not be upheld. It is not a voluntary plea. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). This case does not present a situation remotely resembling the *Machibroda* case. It is just the opposite.

■ It is not necessary in every case to have an evidentiary hearing on a motion filed under § 2255. Barrett v. United States (5 Cir. 1962) 302 F.2d 151; Anderson v. United States (5 Cir. 1963) 318 F.2d 815; Olive v. United States (6 Cir. 1964) 327 F.2d 646; Norman v. United States (3 Cir. 1966) 368 F.2d 645. The record emphatically shows that the contentions which the appellant now makes are completely without substance. While it is generally necessary to hold a hearing in order to dispose of factual issues raised by motions under § 2255, that requirement is subject to the qualification set out in the statute to the effect that the files and records of the case may be sufficient to authorize a disposition of the motion without such a hearing. In this case "the files and records of the case conclusively show that the prisoner is entitled to no relief", because the record is clearly convincing that the appellant was well informed and fully understood the nature of the charges against him, the possible penalty to be imposed, and that his plea of guilty was made voluntarily and with a clear understanding of its consequences. To conduct another hearing would be an unnecessary duplication of the fact finding effort of the trial court at the time the plea was entered. Giving full consideration to all of appellant's contentions we are firm in our conclusion that there is no reason to duplicate that effort in this case.

Judgment affirmed.