**Bobby H. PURSLEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 25193.

United States Court of Appeals
Fifth Circuit.

March 12, 1968. ·

Bobby H. Pursley, pro se.

Robert S. Travis, Asst. U. S. Atty.,
Fort Worth, Tex., for appellee.

Before BROWN, Chief Judge, and
JONES and CLAYTON, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a
motion to vacate convictions and sen-
tences imposed for violations of 18 U.S.C.
§§ 641 and 2115.[1]  Pursley contends that
he was "coerced, induced and promised"
by a postal inspector and a state official
by their representations that if he would
plead guilty, then certain state offenses
would be dismissed.  In fact, the state
offenses were dismissed after his plea of
guilty in United States District Court.
He also claims that he was promised a
sentence of no more than five years.
Actual sentences imposed were a five-year
sentence on Count One and a concurrent
ten-year sentence on Count Two.  The
transcript of the arraignment and plea
proceedings shows that Pursley is a recid-
ivist and would have been faced with a
life sentence if he had been convicted on
the state charges.

After this motion was filed (28 U.S.C.
§ 2255), the district judge decided that
the records in the criminal case "refute
petitioner's contention," and denied the
motion without a hearing.

At arraignment and when sentence was
imposed, Pursley was represented by com-
petent, court-appointed counsel, and the
district judge conducted these proceed-
ings in a commendably thorough manner.
Pursley was advised, " * * * You

1. Burglary of a contract post office (Count One) and theft of government property (Count
Two).

cannot plead guilty unless you are actually guilty \* \* \* If you do that (plead not guilty), the government will be required to prove you are guilty beyond a reasonable doubt \* \* \*." This careful district judge also stated:

> The federal court determines the penalty if a person is convicted, whether it is on a verdict of the jury, or on a plea of guilty.
>
> The Court has not talked to anybody about your case. The Court will not talk to anybody about your case except here in your presence, where you and your lawyer and the representatives of the government are all present. The Court will not ask for and will not receive any recommendations from the government regarding the penalty in any case. If you are convicted, the Court will hear pleas for leniency from your lawyer, and from you. The penalty will be decided on the basis of the facts that are heard here. That means that you should not depend on any statement or promise that might have been made to you by anybody, whether connected with law enforcement, the government, or not, as to what the penalty will be. If you plead guilty, you must—your plea must not be induced by any promise, coercion, or force of any kind. When I speak of force, that includes coercion and psychological coercion. Your plea must be purely voluntarily made and it must be entered just because you are guilty and for no other reason.

Shortly after this detailed explanation on the point, Pursley was called upon to plead. He stated that he understood his rights and wanted to go ahead. He then entered his pleas of guilty to each of the two counts. To demonstrate the adequacy of the proceedings which followed, a transcript of the relevant portion thereof is set out in the margin.[2]

It is difficult to conceive of anything else that could have been done by the district court before sentencing Pursley, and we agree with the district court that Pursley's present claims are completely refuted by the files and records of the district court. Helpman v. United States, 373 F.2d 401 (5 Cir. 1967), and cases therein cited.

Affirmed.

---

2. THE COURT: Has anybody promised you anything to get you to plead guilty?
DEFENDANT PURSLEY: No, sir.
THE COURT: Anybody threatened you to try to make you plead guilty?
DEFENDANT PURSLEY: No, sir.
THE COURT: Are you pleading guilty under any force, pressure or coercion of any kind?
DEFENDANT PURSLEY: No, sir.
THE COURT: Are you pleading guilty voluntarily of your own free will?
DEFENDANT PURSLEY: Yes, sir.
THE COURT: Are you pleading guilty just because you are guilty?
DEFENDANT PURSLEY: Yes, sir.
THE COURT: Is that the only reason you are pleading guilty?
DEFENDANT PURSLEY: Yes, sir.
THE COURT: *Has any law enforcement officer connected with the government or the state or the county or the city or anywhere mistreated you at any stage of the proceedings? From the time you first came in contact with them until now?*

DEFENDANT PURSLEY: No, sir.
THE COURT: Has anybody used force or violence on you, or has anybody threatened you or promised you anything?
DEFENDANT PURSLEY: *No one promised me anything.* \* \* \*
THE COURT: All right, Mr. Goldsmith, you are an experienced criminal lawyer and I know that you know how to handle criminal cases. Are you satisfied that your client is guilty of each one of these charges?
MR. GOLDSMITH: Yes, sir, Your Honor, I am.
THE COURT: *Are you satisfied that he is pleading guilty voluntarily and understandingly, and with full knowledge of the consequences?*
MR. GOLDSMITH: *Yes, sir, I have gone over it in detail, and I think he understands.*
THE COURT: *Do you join him in his decision to plead guilty?*
MR. GOLDSMITH: *Yes, sir,* Your Honor, I do.
(Emphasis supplied)