Archie Raymond **STREATOR**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25305.

United States Court of Appeals
Fifth Circuit.

May 17, 1968.

Archie Raymond Streator, pro se.

Allan P. Clark, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

PER CURIAM:

Appellant filed in the United States District Court for the Middle District of Florida a motion under 28 U.S.C. § 2255 to vacate and set aside sentences which totalled 20 years imposed for various offenses including Dyer Act violations, 18 U.S.C. § 2312, forging and uttering counterfeit securities, §§ 471 and 472, and unauthorizedly wearing the uniform of a Navy Lt. Commander, § 702. In his § 2255 motion appellant alleged that his pleas of guilty were induced by an FBI agent's promise of a 7 year sentence. The district court without holding a hearing reviewed the transcripts of proceedings at arraignment and sentencing, the presentence report and file of the probation officer, and found that appellant's guilty pleas were voluntarily and understandingly made. Accordingly, the court denied appellant's § 2255 motion. We affirm.

On appeal appellant cites as error the failure of the district court to hold an evidentiary hearing and the use by the court of the presentence report and file of the probation officer. This is appellant's second appearance in our court. In Streator v. United States, 367 F.2d 384 (5 Cir. 1966) we affirmed a denial of § 2255 relief where appellant alleged mental incompetency at the time he pleaded guilty.

We have examined the entire record and find that appellant was carefully and thoroughly questioned as to whether his pleas of guilty were voluntarily and understandingly made. The transcript of proceedings at arraignment and sentencing patently refute appellant's allegations. Appellant represented to the court that he had not been induced to plead guilty, nor had anyone made any

promises to him in exchange for guilty pleas.[1] Therefore, we conclude that the district court did not err in denying the requested relief without an evidentiary hearing. Pursley v. United States, 391 F.2d 224 (5 Cir., March 1968); Kirshberger et al. v. United States, 392 F.2d 782 (5 Cir., April 1968); Plaster v. United States, 381 F.2d 578 (5 Cir. 1967).

■ Appellant's contention that pre-sentence reports and files of the probation officer are not "records and files" within the meaning of 28 U.S.C. § 2255 is completely without merit.

Judgment affirmed.

1. The following is from the record:

"MR. LEHMAN: Do you understand you could receive consecutive sentences? Five years, five years, and five years, consecutively? If the Court so desired?

DEFENDANT: Yes, Sir.

MR. LEHMAN: No one—I have made no threats or promises on that matter?

DEFENDANT: No, Sir.

MR. LEHMAN: And you have talked to no one—that you would be proceeded against in any special way?

DEFENDANT: No.

THE COURT: Your plea, then, is entered by you voluntarily?

DEFENDANT: Yes.

THE COURT: In the sense that it is your own independent decision?

DEFENDANT: Yes.

THE COURT: There has been no inducement, threat, offer of reward, or any other inducement by Mr. Lehman or anybody else.

DEFENDANT: No."

\* \* \* \* \* \* \* \* \* \* \* \*

"THE COURT: Mr. Lehman, before going into that in greater detail, I think, on the statements made, the Court will accept the pleas of Guilty—on the representation made by Defendant that they were made voluntarily, without any inducements for having made the pleas. And you wish the pleas to stand? Having heard what the Court and counsel for the Government have said, you wish them to stand?

DEFENDANT: On all of the cases I waive and plead."

\* \* \* \* \* \* \* \* \* \* \* \*

"THE COURT: \* \* \*. I ask you at this time what you may have to say as to why sentence should not be imposed? But before asking you that, I would like to ask you the first question, as to whether or not those pleas are entered by you voluntarily?

DEFENDANT: Yes, sir.

THE COURT: Are they your voluntary acts?

DEFENDANT: Yes, sir.

THE COURT: Have you been offered any reward, any treat, hope of lightened punishment, or any other inducements to enter those pleas?

DEFENDANT: No, sir.

THE COURT: And that applies to each of the various cases mentioned?

DEFENDANT: Yes, sir."