**William Alexander TITTLE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 26738.

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1969.

**844**

William Alexander Tittle, pro se.

Charles L. Goodson, U. S. Atty., F. D. Hand, Jr., Asst. U. S., Atty., Atlanta, Ga., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion to vacate a judgment of guilty of violating Title 18 U.S.C. § 2312, the interstate transportation of a stolen motor vehicle. We affirm.

■ Since appellant is without counsel and none has been appointed, the case cannot be orally heard, see Elchuk v. United States, 1962, 370 U.S. 722, 82 S.Ct. 1574, 8 L.Ed.2d 802, and accordingly the case is properly placed on the summary calendar under Fifth Circuit Rule 18.

The bill of information on appellant set forth two counts of violating 18 U.S.C. § 2312. Appellant pled guilty to Count Two; Count One was dismissed. Appellant contends that he was tricked into pleading guilty to Count Two, when his true intention was to plead guilty to Count One. He further contends that he was denied effective assistance of counsel, that the trial court did not permit him to make a statement and that the court did not ascertain whether his plea was voluntarily and understandingly made. A reading of the trial transcript shows appellant's allegations lack merit.

■ At the trial, appellant stated that he read and understood the information filed against him, and he was specific in pleading guilty to Count Two. The record is devoid of any sign that appellant was "tricked" into pleading contrary to his wishes. Nor has petitioner a valid complaint against his attorney. In his brief in support of his petition to vacate, petitioner states that he told his attorney that he intended to enter a guilty plea as to one count. Through the attorney's efforts, the government agreed to dismiss one count. Appellant's responses to questions by the government and by the court indicate clearly that he knew what he was doing and was acting voluntarily and of his own accord.

The transcript relates that the court did ascertain that appellant's plea was voluntary and understandingly entered as required by Rule 11, Federal Rules of Criminal Procedure. The court questioned appellant repeatedly on these points.

■ The record reveals the court below was not clearly erroneous in finding that appellant was aware of all the facts concerning his situation, knew of his rights, and had the advice of competent counsel. Based upon these findings, the court was correct in denying appellant's motion without an evidentiary hearing. Holland v. United States, 5th Cir., 1969, 406 F.2d 213; Doughty v. Beto, 5th Cir., 1968, 396 F.2d 128; Martin v. United States, 5th Cir. 1958, 256 F.2d 345.

Affirmed.