**Billie D. PIKE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 26861.**

United States Court of Appeals
Fifth Circuit.

March 28, 1969.

Billie D. Pike, pro se.

Floyd M. Buford, U. S. Atty., Manley F. Brown, D. L. Rampey, Jr., Asst. U. S. Attys., Macon, Ga., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pike appeals from the district court's denial without a hearing of his motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. Pursuant to Local Rule 18 this court has placed the case on the summary calendar for disposition without oral argument. See Floyd v. Resor, 5th Cir., 1969, 409 F.2d 714 n. 2.

The motion alleged that Pike's plea of guilty to a violation of 18 U.S.C. § 2312 had been coerced by the threats and promises of FBI agents. Specifically, Pike claimed that the agents stated that if he waived his right to counsel and right to indictment and entered a plea of guilty they would see he received the lightest sentence possible, and that if he did not do so they would tell his wife of his affairs with a paramour. The government filed a memorandum in opposition to the motion, attaching the transcript of Pike's arraignment and sentencing and the affidavits of three FBI agents denying that threats or promises were made. On the basis of the transcript and affidavits the court denied Pike's motion.

Section 2255 requires the court to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Where the transcript of the proceedings at arraignment and sentencing reveals conclusively that the prisoner had not been improperly induced to plead guilty, this court has held that an evidentiary hearing is not mandated in a collateral attack on the voluntariness of the plea under § 2255. Tittle v. United States, 5th Cir., 1969, 407 F.2d 843; Steator v. United States, 395 F.2d 661 (5th Cir. 1969); Pursley v. United States, 391 F.2d 224 (5th Cir. 1968); Plaster v. United States, 381 F.2d 578 (5th Cir. 1967). In *Tittle, Steador, Pursley,* and *Plaster,* the defendant was carefully and thoroughly questioned as to whether his plea of guilty was voluntarily and understandingly made. In the present case, there was no inquiry in open court concerning the voluntariness of the plea,[1]

---

1. The record of the arraignment contains the customary detailed explanation of and inquiry into the defendant's waiver of his right to counsel and right to grand jury indictment. The following questions were then asked relating to the guilty plea:

 [PROSECUTOR]: Now, understanding the charge against you and having waived indictment and having had the penalty explained to you, tell the Court wish [sic] you wish to plead guilty or not guilty to these charges?

 THE DEFENDANT: Plead guilty.

 [PROSECUTOR]: Does Your Honor have any further questions to ask this defendant before he enters his plea?

 THE COURT: No, I think everything has been covered.

 [PROSECUTOR]: All right, sign your plea.

 (Defendant signing plea of guilty)

 * * *

 [PROSECUTOR]: Your Honor, the defendant has signed a plea of guilty.

 THE COURT: Sentence in the case will be pronounced Thursday afternoon, October 5, at 4 o'clock.

 There were no inquiries, either at arraignment or sentencing, into voluntariness, coercion or threats regarding the plea.

and the remainder of the trial court's files and records contains nothing that conclusively refutes Pike's allegations of coercion.

 Where the allegations in a § 2255 motion would entitle the petitioner to relief and the files and records of the trial court are inconclusive, findings of controverted issues of material fact must be made on the basis of an evidentiary hearing, not on the basis of pleadings and affidavits. Machibroda v. United States, 368 U.S. 487, 494–496, 82 S.Ct. 510, 515, 7 L.Ed.2d 473, 478–479 (1963). The judgment below must be vacated and the petitioner afforded the hearing required by the statute.

Vacated and remanded.