**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Hoyt TIVIS, Defendant-
Appellant.**

**No. 28062
Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1970.

Richard Hoyt Tivis, pro se.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Robert S. Travis, Asst. U. S. Attys., Fort Worth, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

**148**

PER CURIAM:

 Richard Hoyt Tivis has appealed from the denial of his motion to withdraw his guilty plea after he had been sentenced.[1] We affirm.[2]

The district court denied the motion on grounds that Tivis had made only conclusionary allegations which did not justify relief nor raise a fact issue upon which a hearing should be held. United States v. Tivis, D.C.N.D.Tex.1969, 302 F.Supp. 581.

Rule 32(d) provides that after sentence, the court should permit withdrawal of the plea of guilty only "to correct manifest injustice." See the cases cited in the district court's opinion, supra. The court below found no such injustice in this case. After reading the motion to withdraw the plea in light of the entire record, we find ourselves in agreement with the district court.

Whereas the appellant alleged in his motion that he was in fact innocent of the offense charged[3] the record shows that he fully and unequivocally admitted his guilt at the arraignment and sentencing proceedings. There he also represented to the court that his plea of guilty was freely and voluntarily proffered and not influenced by any threats or promises; and that he knew the court alone would decide what sentence to impose. Appellant's subsequent contentions to the contrary are refuted by the record, and therefore there was no error in denying relief on that basis. See Pursley v. United States, 5th Cir. 1968, 391 F.2d 224; Streator v. United States, 5th Cir. 1968, 395 F.2d 661; Tittle v. United States, 5th Cir. 1969, 407 F.2d 843. The same is true of appellant's contention of ineffective assistance of his privately-retained attorneys.

We find no error in the judgment denying the appellant's motion under Rule 32(d). Accordingly the judgment is affirmed.

Affirmed.

---

1. Rule 32(d), F.R.Crim.P.

2. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I [Oct. 7, 1969].

3. Possession of a counterfeit $20 United States banknote, in violation of 18 U.S.C. § 472. In those proceedings the appellant also plead guilty to perjury, which he committed at his trial on another counterfeiting indictment. The instant motion to withdraw guilty plea was not directed to the perjury conviction.