**Barbara Jean ALVEREZE, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 27971.**

United States Court of Appeals, Fifth Circuit.

May 11, 1970.

Rehearing Denied and Rehearing En Banc Denied June 22, 1970.

Harold Ungerleider, Miami Beach, Fla., for petitioner-appellant.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for respondent-appellee.

Before PHILLIPS,* BELL and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal by Alvereze from an order denying her motion, filed under 28 U.S.C.A. § 2255, to vacate 10 sentences imposed on her in the United States

---

* Of the Tenth Circuit, sitting by designation.

District Court for the Northern District of Florida (Tallahassee Division).

In nine indictments or informations containing an aggregate of 15 counts, she and a codefendant were charged with interstate transportation of either stolen or forged securities, in violation of 18 U.S.C.A. § 2314.

Twelve of the charges in eight of such indictments or informations arose in states other than Florida, namely, Washington, Arkansas, Mississippi, North Carolina, and South Carolina. They were duly transferred for disposition in the Tallahassee Division of the Northern District of Florida, under Rule 20 of the Federal Rules of Criminal Procedure.

The charges in one three-count indictment, Crim. No. 6106, returned in the Pensacola Division of the Northern District of Florida, were also duly transferred for disposition in the Tallahassee Division under Rule 20.

Alvereze entered pleas of guilty to each of the 15 counts of such indictments or informations.

On Count 1 of the Pensacola Division indictment (No. 6106) she was sentenced to the custody of the Attorney General for a period of 10 years, on Count 2 thereof for a period of 10 years, to run consecutively with the sentence on Count 1, and on Count 3 thereof for a period of 10 years, to run concurrently with the sentence imposed on Count 1.

On each of the other eight indictments or informations, she was sentenced to a term of 10 years, to run concurrently with the sentences imposed in No. 6106.

On an indictment, Crim. No. 2874, returned in the Tallahassee Division, Alvereze was charged with interstate transportation of a stolen motor vehicle in violation of 18 U.S.C.A. § 2312, and on a plea of guilty to that charge she was sentenced to a term of five years, to run concurrently with the sentences in the other cases.

In her motion Alvereze alleged: (a) That she was arrested without a warrant and without probable cause, was not properly informed of her Constitutional rights, and was questioned by the F.B.I. without first being provided with counsel; (b) that she was subjected to an illegal search and seizure of property at the time of her arrest; (c) that there was inexcusable delay in taking her before the United States Commissioner; (d) that confessions were illegally obtained from her; (e) that she was not adequately represented by counsel before the Commissioner; (f) that the amount of her bail was excessive; (g) that her plea of guilty was a result of the promises of agents of the F.B.I. that she would receive a light sentence; (h) that her pleas of guilty were not understandingly made; (i) that she was inadequately represented by counsel at the time of the sentencing, and (j) that she was not advised of her right to appeal.

On the basis of the record on the arraignment and sentencing, and without an evidentiary hearing, the court denied such motion

We agree with the trial court. The record of the arraignment proceedings clearly shows that before she entered pleas of guilty on the charges of each indictment or information, she was fully informed of her right to counsel to represent or advise her; that if she was not able to employ counsel, the court would appoint counsel for her, and that she understandingly and voluntarily waived her right to counsel; that the charges in each indictment or information were fully explained to her and she stated that she understood them; that she was advised of the maximum penalty that could be imposed on each charge as an adult offender, and also under the Federal Youth Corrections Act, and that the sentences as an adult offender could be made to run concurrently or consecutively.

The record fully shows that after she understood her right to be charged by indictment in the district where the offense was committed and to a jury trial in that district on the charges, she knowingly, understandingly and voluntarily waived indictment and consented to be charged by information, and also know-

ingly, understandingly and voluntarily agreed to the transfer of the charges for disposition in the Tallahassee Division under Rule 20.

The claim that she was induced to plead guilty by false and misleading promises is clearly refuted by the record. After being advised of her Constitutional rights and the effect of a plea of guilty in each case, she signed an acknowledgment reading "that no person, officer, agent or any official of any branch of the government, federal, state or otherwise has made any promise or suggestion of any kind to me or to anyone else with my knowledge that if I would plead guilty to these charges I would receive a light sentence, probation or any other form of leniency by the court."

Moreover, on her arraignment in each case she orally stated in answer to inquiries of the court that her pleas of guilty were voluntary and of her own free will and were not the result of coercion, persuasion, or promises of probation, a light sentence, or any other form of leniency. Indeed, the court, with meticulous care, before he accepted her pleas of guilty to the charges in each case, made certain that with a full understanding of her rights and the consequences of such pleas, she understandingly and voluntarily entered such pleas, and that she did not do so because of any coercion, force, persuasion, or promises.

She was represented by an attorney at the time the sentences were imposed, and he and an Episcopal minister made statements in her behalf. The court also had the report of a presentence investigation.

Moreover, the record of the statements made during arraignment and during the sentencing session shows that Alvereze was an intelligent person, in full possession of her faculties.

On authority of Stout v. United States, 5 Cir., 383 F.2d 448, 449; Streator v. United States, 5 Cir., 395 F.2d 661, 662; Plaster v. United States, 5 Cir., 381 F.2d 578, 580; Hall v. United States, 5 Cir., 407 F.2d 1320, 1321; Tittle v. United States, 5 Cir., 407 F.2d 843, 844, and Kristiansand v. United States, 5 Cir., 319 F.2d 416, 418, we affirm the judgment below.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.