**Paul HUNTER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 31075**

**Summary Calendar.****

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1971.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

** [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir., 1970, 431 F.2d 409, Part I.

Paul Hunter, pro se.

John L. Briggs, U. S. Atty., John D. Roberts, Asst. U. S. Atty., Jacksonville, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the motion of a federal prisoner to vacate sentence pursuant to 28 U.S.C.A. § 2255. We affirm.

Appellant consented, pursuant to Rule 20, F.R.Crim.P., to the transfer of cases pending against him in other districts, and was convicted on his pleas of guilty to charges of breaking into a post office, receiving stolen postal money orders, and forging money orders in violation of 18 U.S.C.A. §§ 2115, 641, and 500. He is presently serving consecutive terms of five years, one year, and five years on those convictions. In his motion to vacate sentence, appellant alleged that his Rule 20 consent and guilty pleas were coerced by promises of government agents that the sentences would run concurrently. The district court denied relief, finding from the record that there was no merit to Hunter's allegations. We affirm.

A review of the record, which includes a copy of the transcript of the arraignment and sentencing proceedings, conclusively shows that appellant voluntarily and intelligently pled guilty. Hunter stated in response to thorough questioning by the trial judge that his pleas were his own independent decision, that no one promised him any reward, and that he did not expect lightened punishment in return for pleading guilty. The district court, therefore, did not err in refusing to grant the writ. *See* Streator v. United States, 5 Cir. 1968, 395 F.2d 661; Pursley v. United States, 5 Cir. 1968, 391 F.2d 224.

Affirmed.