**Hugh Howard POLK, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-1508**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1971.

Hugh H. Polk, pro se.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for respondent appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the motion of a federal prisoner to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant is presently serving a 15-year sentence for burglarizing an FDIC insured bank, a violation of 18 U.S.C. § 2113(a). After initially pleading not guilty at his arraignment, at which he was represented by counsel, appellant appeared in open court, waived counsel, and changed his plea to guilty. In his § 2255 motion, appellant alleged that his waiver of counsel was not an intelligent decision, that he was incompetent due to intoxication at that time, and that he acted in reliance upon the promise of an F.B.I. agent that he would be sentenced to no more than five years.

* [1]   Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

The district court denied relief without holding an evidentiary hearing, making findings of fact from the transcript of appellant's re-arraignment, from various affidavits filed with the government's response, and from its own observation of the proceedings. The court below found that appellant intelligently waived counsel, that he was not intoxicated at all or not to an extent sufficient to affect his comprehension, and that his plea was not based upon any promises, deals, or bargains as to the length of sentence. A reading of the transcript reveals that appellant was questioned thoroughly by the court concerning his motives for waiving counsel and changing his plea. Despite the advice given by the court, appellant repeatedly stated that he wished to proceed without counsel. Upon further questioning by the court, appellant stated that he was pleading guilty because he was guilty and that he was in no way induced to change his plea. Appellant's answers were lucid and responsive to the questions asked, with nothing to indicate lack of competence. Based upon this record and the district court's personal observation, there was no need for the court to hold an evidentiary hearing, 28 U.S.C. § 2255; Berlanga v. United States, 5th Cir. 1968, 394 F.2d 615; Pursley v. United States, 5th Cir. 1968, 391 F.2d 224; Helpman v. United States, 5th Cir. 1967, 373 F.2d 401.

Perceiving no clear error in the findings of the district court nor error in its application of the law, the judgment below is affirmed.[1]

Affirmed.

1. This footnote responds to the dissent herein:

This is petitioner's second Section 2255 case. The first, filed approximately a year earlier pro se, was based on the allegation that James Salmond (sic), FBI Agent, promised petitioner that he would not receive a sentence in excess of 5 years if he changed his plea to guilty. District Judge Cox denied the motion for relief, on the basis of petitioner's sworn testimony when he pled guilty and an affidavit of FBI Agent Sammon specifically denying that he had ever made such an arrangement with petitioner. In this first petition Polk made no mention or allegation whatsoever relating to being intoxicated when he entered his plea of guilty. Polk entered a notice of appeal but District Judge Cox held the appeal to be frivolous and denied him the right to proceed as a pauper. Judge Coleman of this Court later denied petitioner's pro se application for leave to appeal in forma pauperis.

Now Polk has filed this, his second Section 2255 motion pro se, alleging again that he was induced by FBI Agent Sammon to enter a plea of guilty on a promise that he would receive a sentence of no more than 5 years. However, this second motion contains allegations that he was intoxicated when he entered his plea of guilty. The transcript of the proceedings at the time of his guilty plea shows that he was carefully and thoroughly interrogated, at length, by District Judge Cox and in that response to the Court's question, "Has any person whatsoever, state or federal officer, investigating officer, prosecuting attorney or any official of that sort at any time made you any sort of promise to induce you to tender this plea of guilty?", answered "No sir." He said he was tendering his plea freely and voluntarily, without any sort of condition or string attached to the plea. These answers were made by the defendant in the witness chair under oath. Earlier in open court, prior to being sworn, he had freely stated that he had not been induced to change his plea to guilty with any kind of string on it and as he said, "Well, Your Honor, nobody has said anything to me like that. I am guilty of it and I am ready to plead guilty and do my time on it."

District Judge Cox denied petitioner's second Section 2255 motion with written findings of fact and conclusions of law. He stated that he had reviewed the transcript of the proceedings relative to petitioner entering a plea of guilty and the transcript of proceedings at the time of sentence. He found that *"from the Court's own interrogation and observation of the petitioner that he was not intoxicated or not intoxicated to any extent to be unable to comprehend and understand what he was doing on said date"* [i. e., the date of pleading guilty]. That he was able to make such a finding from his own personal observation is apparent from the 13-page transcript of the proceedings which we have likewise reviewed. A more careful and consid-

GODBOLD, Circuit Judge (dissenting):

Because of the peculiar circumstances of this case, I would vacate and remand for an evidentiary hearing on the intertwined issues of whether petitioner was induced to change his plea from not guilty to guilty in reliance on an alleged representation by an FBI agent that he would be sentenced to no more than five years, and whether petitioner was intoxicated when he appeared in court, waived counsel and changed his plea from not guilty to guilty.

While not the sole basis for my view, a substantial contributing factor is that petitioner, who is without counsel on this appeal, has attached to his handwritten brief what purports to be a letter from an attorney, Dan M. Lee, purporting to set out personal knowledge by the attorney of facts bearing on the intoxication issue which, if bona fide, may be of significant importance to the trial judge but were not presented to him when he considered petitioner's motion to vacate.

In his criminal case petitioner was represented by Attorney W. S. Moore, who appeared with petitioner at arraignment, at which time he pleaded not guilty. Subsequently, on January 6, 1969, petitioner appeared at the District Court without counsel, at a time when his case was not set, and made known his desire to waive counsel and change his plea to guilty.

Petitioner's sworn statements filed in the present case are that he went to the courthouse as the result of a telephone call on January 6 from FBI Agent Sammons, informing him that if he would go to the courthouse and change his plea to guilty he would receive a sentence of not more than five years. The government filed Agent Sammons' affidavit that he had no conversation with petitioner on January 6, and that at no time did he inform petitioner he would receive no more than five years if he pleaded guilty. Petitioner filed an affidavit by his father that on December 26, 1968, or January 6, 1969, Agent Sammons called petitioner, that he (the father) participated in the conversation by an extension telephone and heard Sammons assure petitioner that if he pleaded guilty he would receive not more than five years.

Petitioner also swears that he was intoxicated when he went to the courtroom on January 6, and that he was ac-

---

erate interrogation of a defendant prior to acceptance of a plea of guilty could not be imagined.

Now our dissenting brother would have us remand the case for an evidentiary hearing in the face of the record and the Judge's findings based on personal observation, because of a letter which petitioner has attached to his brief in this Court, from Attorney Dan M. Lee of Ray, Lee and Moore, Jackson, Mississippi, to Polk in which he states that Polk was "obviously intoxicated" when he saw him at the water fountain after he had pled guilty. The record discloses that Attorney Lee's partner, W. S. Moore, appeared with the defendant at the time of sentence and that neither Attorney Moore nor the defendant said anything whatever about the defendant having entered his plea while intoxicated or that the plea was made pursuant to a "deal" with the FBI Agent.

The contentions of petitioner are so incredible and unbelievable under the circumstances we have described, that they do not justify a hearing and the District Judge was fully warranted under Section 2255 in denying relief because the motion and the files and record of the case, as well as the Judge's own personal observation, conclusively show that the prisoner is entitled to no relief. The letter of Attorney Lee is not a part of the record and was first seen by us as an attachment to appellant's pro se brief. In our view it would be wasteful of judicial time to remand the case for a hearing as to whether the defendant was intoxicated when he entered his plea, where the same District Judge who accepted the plea after lengthy interrogation has made a finding that the defendant was not intoxicated. The issue of intoxication having been passed on by the District Judge who saw, heard and observed the defendant for a considerable period of time when the plea was entered convinces us that there is no merit to this contention, and that the case was properly decided.

companied by his half brother, Quinn Lewis, and a companion, Jerry White. Lewis, by affidavit, says that he was with petitioner, that petitioner was intoxicated, and that White will "collaborate" [sic] these statements. Affidavits from the Assistant U. S. Attorney and the Chief Deputy U. S. Marshal negate intoxication.

Petitioner requested an evidentiary hearing and requested subpoenas for several witnesses, including his father, Lewis, White, Attorney Moore, and at the same address, Attorney Dan Lee.

Without conducting an evidentiary hearing, the trial judge determined the inducement issue against petitioner, on the basis of the transcript, (containing statements by petitioner that no inducements or promises had been made) and the affidavit of Agent Sammons. The judge made a specific credibility finding that Sammons' affidavit was truthful. He decided the intoxication issue on the basis of the various affidavits, a transcript of the proceedings of January 6, his own interrogation and observations of petitioner on January 6, and the fact that when, on January 24 petitioner appeared with Attorney Moore for sentencing, neither petitioner nor Moore mentioned any claim of intoxication on January 6. The judge entered his order on October 12, 1970, denying the 2255 motion.

The letter attached to petitioner's brief is dated January 7, 1971. The purported signatory is Attorney Dan M. Lee, for whom petitioner asked a subpoena for evidentiary hearing. It is on the letterhead of a Jackson, Mississippi, law firm showing Lee and Attorney W. S. Moore as partners. It says, inter alia, "I remember seeing you on the morning of the day that you plead guilty in the Federal Court in Jackson and was quite shocked when you told me by the water fountain what you had done. I well remember that you were obviously intoxicated and will tell the truth if a subpoena is issued." Since neither the letter (which my brothers do not consider) nor

the testimony of the purported signatory was before the District Court, I would, in the interests of justice and of orderly judicial administration, vacate and remand the cause for evidentiary hearing.

Under familiar principles the trial judge could not deny the motion without evidentiary hearing on the basis of the sharply conflicting affidavits. The critical matter then became the transcript of the January 6 proceedings and the trial judge's recollection of his own observations of petitioner's conduct on that date.

Often the judge presented with a 2255 motion finds, as did the District Judge in this case, that he must pass upon the validity of his own actions, and it is not a denial of due process for him to draw upon his own knowledge and recollection of events which occurred before him. United States v. Smith, 337 F.2d 49 (4 Cir., 1964). Where the question is one of objective fact—what did the accused do? Was a particular form of words used? Were required procedural steps complied with? What do the typed words of a transcript say?—the risks implicit in the judge's passing on his own actions are at their minimum. But when the issue is one of the impact of conduct upon human consciousness, a matter upon which reasonable and honorable men exercising the highest calls of good faith may differ, the risks are greatly accelerated. I emphasize that the transcript shows that before accepting the waiver of counsel and change of plea the trial judge interrogated petitioner at length, with great care and precision. It is obvious that petitioner's conduct on that occasion did not impress upon the subjective consciousness of the judge that petitioner was intoxicated, else the judge would not have accepted the waiver of counsel and change of plea. But all this is not to say that petitioner's conduct at the same time and place could not have had a different impact upon the minds of others. If it did, I suspect that the trial judge will be the first one to want to know and to consider that when, after

the event, he appraised his recollection of his own subjective reactions at the time of the event, he made that appraisal without knowledge that the subjective reactions of someone else were different.

Several factors especially sharpen the necessity for inquiry by evidentiary hearing. It is not the usual thing for a defendant who has counsel to appear without counsel, when his case is not set, and change his plea. The transcript reveals no effort to get in touch with Moore and secure his presence. Petitioner's explanation for his unusual conduct is the alleged call from the FBI agent, so that the issue of inducement becomes inextricably interrelated to that of intoxication. And the controverted issue of inducement was decided on the basis of affidavits, with a credibility finding that the FBI agent's affidavit was truthful. The letter attached to petitioner's brief purports to come from an officer of the court. If it is bona fide, the trial judge is peculiarly able to adjudge whether it is convincing as well. If it is not bona fide he should have the opportunity to take such action as seems to him appropriate.

The short answer to there being no mention at sentencing of the claim of intoxication is that nothing on this record shows that Attorney Moore had knowledge of petitioner's condition, whatever it may have been, on January 6, or that petitioner claimed to have been intoxicated. Reliance upon Moore's silence is but another demonstration of the desirability of an evidentiary hearing (for which petitioner in the first instance sought to subpoena Moore).

Clearing up all of these matters by an inquiry at the district court level seems to me far preferable than to have the order appealed on the books with a cloud over it, and to create possible subsequent litigation about whether the instant case forecloses further inquiry by a new petition in which the validity and effect of the purported knowledge of the attorney are sought to be adjudicated. Neither the courts nor the parties will suffer from such an inquiry—all will gain.