**Angel AVILA–DIAZ, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71–2262
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1971.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed.[1]  See Local Rule 21.[2]

\* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. In his motion to vacate judgment and sentence filed in the District Court the appellant challenges the validity of his guilty plea on grounds that: (1) he did not understand the proceedings against him because he was unable to speak or comprehend the English language; (2) his plea of guilty was not freely or voluntarily entered, but was entered on counsel's promise that he would receive only a two-year sentence; and (3) counsel rendered ineffective service by assuring him of false consequences of the plea.

2. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

■

**Charles Lindy BARKER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71–2502
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 23, 1971.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed.  *See* Local Rule 21.[1,2]

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 431 F.2d 409, Part I (5th Cir. 1970).

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

2. The court below denied without a hearing appellant's 28 U.S.C.A. § 2255 motion to vacate his federal sentence. Appellant alleges that his guilty plea to the federal charge was rendered involuntary by certain promises made to him by the government. Since "the files and records of the case conclusively show that the prisoner is entitled to no relief," we affirm. Hunter v. United States, 449 F.2d 156 (5th Cir. 1971); Streator v. United States, 395 F.2d 661 (5th Cir. 1968).