**Johnnie Leonard SCHWARZAUER, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 72-1589**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

July 13, 1972.

Rehearing Denied Oct. 11, 1972.

Johnnie Leonard Schwarzauer, pro se.

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Edward J. Vulevich, Jr., Asst. U. S. Attys., Mobile Ala., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Schwarzauer appeals from the denial by the District Court without an evidentiary hearing of his Section 2255 petition to vacate sentence. Appellant was indicted and tried for first-degree murder of a fellow seaman on the high seas, in violation of 18 U.S.C. § 1111. On the third day of trial defendant withdrew his plea of not guilty and entered a plea of guilty to the lesser crime of second-degree murder contained in the indictment, which plea the Court accepted.

Appellant alleges that his guilty plea was coerced and involuntary as it was made to avoid the death penalty, and that he was denied assistance of counsel at the sentencing proceedings. Both of these contentions are without merit. The issue of coercion was raised by a former Section 2255 petition and decided adversely to petitioner. Thus the Court was not required to entertain a second motion alleging identical grounds. Furthermore, the transcript of the original proceedings shows conclu-

---

[*] [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

776

sively that appellant was not induced to plead guilty and that the guilty plea was accepted after strict compliance by the Trial Court with the requirements of Rule 11, Fed.R.Crim.P. See Tittle v. United States, 5 Cir., 1969, 407 F.2d 843; Streator v. United States, 5 Cir., 1968, 395 F.2d 661. Finally, a valid guilty plea made out of desire to escape the death penalty is not for that reason rendered invalid. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Appellant's second contention is refuted by the record containing affidavits by appellant's trial counsel and the court reporter to the effect that counsel for the defendant was present at the sentencing proceedings, and by the transcript of those proceedings at which time the Court commented on the capable representation of defendant by counsel.

Affirmed.