Morris ALBERT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15896.

United States Court of Appeals
Ninth Circuit.

July 14, 1958.

Rehearing Denied July 30, 1958.

Morris Albert, appellant, in pro. per.

George M. Yeager, U. S. Atty., Jay A. Rabinowitz, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

Appellant was indicted, tried, and convicted by a jury in the District Court for the District of Alaska, Fourth Judicial Division, for the offense of armed robbery (A.C.L.A.1949, § 65–4–24). On May 21, 1956 a fifteen (15) year sentence was imposed. An appeal from this conviction, filed May 26, 1956, was never perfected. On February 18, 1957 appellant filed a "Petition of Motion to Vacate Sentence" which the district court properly treated as a motion pursuant to 28 U.S.C. § 2255. This motion was denied by the district judge on May 28, 1957 after careful consideration and examination of the files and records of the case. Appellant filed on November 5, 1957 a second "Petition to Vacate Sentence." This petition, improperly filed in the Third Judicial Division, was transferred to the Fourth Division, the sentencing court, and filed therein November 22, 1957. The petition was denied November 27, 1957 upon the authority of 28 U.S.C. § 2255, which provides:

" * * * The sentencing court shall not be required to entertain a second or successive motions for similar relief on behalf of the same prisoner."

This appeal is from the denial of the second petition for relief under section 2255 (28 U.S.C. § 1291).

Careful consideration of the allegations of error contained in the first and second petitions convinces us that the district judge was correct in his exercise of the discretion granted him by the above quoted provision. The two petitions are, in all material aspects, substantially alike.

Appellant contends that he was entitled to a hearing on the second petition. He is so entitled "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The latter is the case here.

The decision of the district court is affirmed.