**Theodore WAY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 7260.**

United States District Court
D. Colorado.

Sept. 15, 1961.

Theodore Way, pro se.

ARRAJ, Chief Judge.

This matter comes before the Court on petitioner's motion to proceed in forma pauperis, motion for appointment of counsel, motion to appear in proper person in open Court, motion to vacate and set aside sentence and judgment and motion to dismiss the indictment in No. 15748, and motion to correct sentence and judgment of conviction in No. 16084. In No. 15748 petitioner was convicted of a violation of 18 U.S.C. § 2113 (b). Following the verdict of guilty and the judgment of conviction he was sentenced on November 28, 1958, to a term of three years. This conviction was affirmed on appeal, Way v. United States, 10 Cir., 1959, 268 F.2d 785. In No. 16084 petitioner was convicted of a conspiracy to violate 18 U.S.C. § 2113(a) (b) (c) all in violation of 18 U.S.C. § 371. He was sentenced to a term of two years to run consecutively to the sentence in No. 15748. The conviction was affirmed by the Tenth Circuit Court of Appeals on December 27, 1960. Way v. United States, 10 Cir., 1960, 285 F.2d 253.

On August 28, 1959, petitioner filed a motion to set aside and vacate the sentence in No. 15748. As grounds therefor he alleged among other things that his

arrest and detention were unlawful and that he was subjected to an illegal search and seizure. On September 3, 1959, this Court entered an Order denying the motion. On March 30, 1960, the Court of Appeals for the Tenth Circuit affirmed this Order. Way v. United States, 10 Cir., 1960, 276 F.2d 912.

The petition now before the Court again presents the questions of unlawful arrest and detention and illegal search and seizure. 28 U.S.C.A. § 2255 provides, in pertinent part, that "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." This section has received judicial application and interpretation on many occasions. The decisions have been uniform in holding that where the second petition alleges substantially the same grounds as the first, the Court may, in its discretion, refuse to consider the second or successive petition. Moss v. United States, 10 Cir., 1949, 177 F.2d 438; Dunn v. United States, 6 Cir., 1956, 234 F.2d 219; Long v. United States, 6 Cir., 1957, 245 F.2d 871; Daniels v. United States, 9 Cir., 1958, 258 F.2d 356, 17 Alaska 670; Albert v. United States, 9 Cir., 1958, 259 F.2d 268, 17 Alaska 648.

Should the Court, in its discretion, decide to consider this second petition, it would still have to conclude that the petition must be denied, for illegal arrest, illegal detention and illegal search and seizure do not constitute grounds for vacating a sentence under Section 2255, nor do they entitle petitioner to a hearing. Plummer v. United States, 104 U.S. App.D.C. 211, 260 F.2d 729; Jones v. United States, 1958, 103 U.S.App.D.C. 326, 258 F.2d 420; Morris v. United States, 1957, 101 U.S.App.D.C. 296, 248 F.2d 618; Hernandez v. United States, 5 Cir., 1958, 256 F.2d 342.

Although there seems to be some doubt as to whether a motion under Section 2255 is the proper method of attacking the sufficiency of the indictment; Stegall v. United States, 6 Cir., 1958, 259 F.2d 83, Killibrew v. United States, 5 Cir., 1960, 275 F.2d 308, even if the attack on the indictment is considered on its merits, it does not state a valid basis for dismissal. "The test of the sufficiency of the indictment on a motion to vacate a sentence is whether the indictment by any reasonable construction can be said to charge the offense for which the sentence was imposed." Byers v. United States, 10 Cir., 1949, 175 F.2d 654, 656. The indictment in No. 15748 clearly satisfies the requirements of that test.

The conclusion that the petition is without merit obviates the necessity of appointing counsel. Richardson v. United States, 10 Cir., 1952, 199 F.2d 333; Clatterbuck v. United States, 1959, 105 U.S.App.D.C. 295, 266 F.2d 893; Crowe v. United States, 4 Cir., 1949, 175 F.2d 799. The same reasoning applies to the motion to appear in person in open Court.

The motion to correct the sentence and judgment of conviction in No. 16084 is based on the assumption that the motion to set aside the sentence and judgment of conviction in No. 15748 would be granted. Having concluded that the latter motion should be denied there is no basis for granting the former. For the reasons stated it is therefore.

ORDERED that the motion to proceed in forma pauperis be and the same is hereby granted. It is further

ORDERED that the motion for appointment of counsel, the motion to appear in proper person in open Court, the motion to dismiss the indictment, and the motion to set aside the sentence and judgment in No. 15748, and the motion to correct the sentence and judgment in No. 16084 be and the same are hereby denied.