163 So.2d 506 (1964)
William MARTI, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-806.
District Court of Appeal of Florida. Third District.
April 7, 1964.
Rehearing Denied May 19, 1964.
*507 Robert L. Koeppel, Public Defender, and W. Eugene Neill, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HORTON, Judge.
This appeal is from an order denying appellant's petition for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The appellant's petition was directed to the judgment and sentence entered against him on October 19, 1961, sentencing him to a term of four years and eight months for violation of the Florida Uniform Narcotics Act. Appellant's petition, consisting of some fourteen pages, alleged, in the main, that (1) he was arrested without a warrant and that after his arrest he was not immediately taken before a magistrate; (2) at the time of his arrest he was "not advised as to his detaintion [sic], no charge being made against him or any bond set;" (3) he was the victim of an "illegal arrest and confinement;" and (4) he was not granted a speedy trial.
On October 8, 1963, the trial court entered an order denying the petition for relief. The order found, inter alia, that the appellant was represented by the public defender of Dade County at arraignment, trial and sentencing, and that the allegations contained in the petition did not set forth grounds upon which relief could legally be granted.
Appellant contends that based upon the aforementioned allegations he was entitled to an order invalidating and setting aside his judgment of conviction. With this contention we cannot agree.
While any alleged error may be posed for decision on a direct appeal to an appellate court, the test for granting relief under Rule 1, is whether or not the appellant was deprived of the substance of a fair trial. Cf. Glouser v. United States, 8 Cir., 296 F.2d 853, cert. den. 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789. The trial court's order, in effect, found that none of the errors complained of amounted to violations of due process of law and none of them were of the character that would support a collateral attack on the judgment of conviction. The appellant's allegation that he was not taken before a magistrate without unnecessary delay provides no basis for relief under Rule 1 since he failed to show any harm resulting from such alleged unnecessary delay that would have deprived him of a fair trial. See Milton v. Cochrane, Fla. 1963, 147 So.2d 137. Likewise, appellant's allegations relating to the legality of his arrest and detention, and the length of time before he went to trial, failed to show in what manner these allegations, even if true, would have deprived him of a fair trial. See Duncan v. State, Fla.App. 1964, 161 So.2d 718 [opinion filed March 17, 1964]. Further, the federal courts have repeatedly held that these questions cannot be raised in a proceeding for vacation of sentence under 28 U.S.C.A. § 2255 (the model for Criminal Procedure Rule 1). See Roddy v. United States, (10th Cir.) 296 F.2d 9; United States v. Shields, (6th Cir.) 291 F.2d 798, cert. den. 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196; Way v. United States, 200 F. Supp. 539 (D.C.Col.).
It should be noted that the record reveals that the appellant was represented by counsel throughout all stages of his trial upon *508 the criminal charge of which he was found guilty.
Inasmuch as appellant has failed to allege valid legal grounds for collateral attack on the judgment and sentence imposed below, it follows that the order appealed must be and is hereby affirmed.
Affirmed.