PER CURIAM.
Newell Alligood, petitioner below, appeals from a denial of his motion to vacate styled under Criminal Procedure Rule No. 1, Chap. 924, Fla.Stats., F.S.A.
Another of the petitioner’s motions to vacate appears in the record but no notice of appeal is directed to the order denying this motion and we are, therefore, without jurisdiction to consider it.
The second motion to vacate, properly on appeal, alleges that defendant’s sentence for the crime of escape is unlawful because: (1) he was not represented by counsel at trial, (2) he was held in the county jail “without being given a right to a magistrate héaring,” and (3) he was denied a speedy trial because he was held 9 months and 5 days before going to trial.
In response to allegation (1), the record shows petitioner was represented by counsel when he pleaded guilty to escape:
“THE COURT: The case of the State of Florida v. Newell Alligood. Is the State ready for trial ?
*516 “MR. SCHAUB: The State is ready. I do not believe there has been an arraignment yet.
“THE COURT: The Defendant?
“MR. LEWIS (defendant’s attorney): The Defendant is ready.
“THE COURT: Ready for arraignment?
“MR. LEWIS: And it is true he hasn’t been arraigned.
“THE COURT: Well, we will arraign him at this time.
“MR. LEWIS: I want to ask one question at this time. It may or may not concern the Defendant directly, but does the State plan to arraign him first on the escape charge?
[The reason for this request was that the defendant Newell Alligood had been indicted on a first degree murder charge.]
“THE COURT: If that is what you want, you can make that request.
“MR. LEWIS: The Defendant will request that.
“THE COURT: Fine.
“MR. LEWIS: Like to have the charge read.
“MR. SCHAUB: Do you answer to the name of Newell Alligood?
“THE DEFENDANT: Yes, sir.
(Information in Case Number 2507-D read by Mr. Schaub.)
“MR. SCHAUB: To this charge, how do you plead?
“MR. LEWIS: To the charge the Defendant pleads guilty and throws himself upon the mercy of the Court as to this charge.
“THE COURT: The Clerk will record that, and sentence is suspended to a later date.”
The record clearly refutes the allegation that the defendant was not represented by counsel. The minutes show that his attorney was also present at the time of his judgment and sentence.
Allegations (2) and (3) are legally insufficient because petitioner did not demonstrate how he was prejudiced at trial by his failure to appear before a committing magistrate and not going to trial before 9 months and 5 days had elapsed. Carey v. State, Fla.App.1965, 176 So.2d 603; Marti v. State, Fla.App.1964, 163 So.2d 506.
Affirmed.
ALLEN, C. J., and SHANNON and LILES, JJ., concur.