446 F.2d 22
 Carl William POWERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 71-1352. Summary Calendar.*
*(1) Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409 Part I.
 United States Court of Appeals, Fifth Circuit.
 June 24, 1971.
 
 Carl W. Powers, pro se.
 Eldon B. Mahon, U.S. Atty., W. E. Smith, Asst. U.S. Atty., Ft. Worth, Tex., for respondent-appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 Carl William Powers' petition to vacate and set aside conviction and sentence pursuant to Title 28, U.S.C. 2255, was denied by the district court without a hearing on the basis of the petition, the government's answer and the records and files of the court. This appeal asks that the judgment below be set aside and reversed for full hearing in the trial court, with process to secure attendance of witnesses made available to appellant, and with court-appointed counsel provided to him. We find merit in the appeal and reverse.
 
 
 2
 By his petition Powers asked that the court vacate a twenty-year judgment and sentence imposed in 1951 by now Senior Judge T. Whitfield Davidson on his conviction before a jury for bank robbery in violation of Title 18, U.S.C., Section 2113.[1] The petition alleged (1) denial of his right to appeal through ineffective counsel, and (2) denial of the right of confrontation through ineffectiveness of counsel.
 
 
 3
 The district judge denied the petition on a concept somewhat akin to laches and estoppel. He reasoned that the delay in filing the petition until nearly twenty years after conviction, coupled with the fact that the petitioner's testimony would lack effective rebuttal because his trial attorney died in 1959, sufficed to justify a denial of the claim without a hearing. Judge Davidson's attained age of 95 in January 1971 was alluded to but it is not clear whether or not this was a suggestion of Judge Davidson's inability to testify. The district court noted that the petitioner had filed two previous petitions in 1952 and 1955, but asserted that neither of these petitions raised the grounds now alleged, as though this in some way barred the questions being raised at this time.[2]
 
 
 4
 The two Circuit cases cited by the district judge, Wade v. Peyton, 4 Cir. 1967, 378 F.2d 50 and Brewen v. United States, 5 Cir. 1967, 375 F.2d 285, do not bear in any way upon the questions before him. Three district court cases cited by the lower court, Lunnermon v. Peyton, 1970, W.D.Va., 310 F.Supp. 323; Quillien v. Leeke, 1969, D.S.C., 303 F.Supp. 698, 706, n. 14, Richards v. Coiner, 1968, N.D.W.Va., 290 F.Supp. 922, while offering some basis for casting doubt on the bona fides of extremely late prisoner petitions were each rulings made subsequent to full evidentiary hearings and in support of the denial of relief after hearing. They may not be strained to support a denial of relief, as occurred below, without an evidentiary hearing. Lunnermon, supra, was actually a case which had been summarily reversed by the Court of Appeals for the Fourth Circuit (No. 12,296, November 18, 1968, not reported) for failure to hold a hearing in the district court. The prior district court opinion is reported as W.D.Va.1968, 281 F.Supp. 986.
 
 
 5
 It was error for the trial court to refuse to hear petitioner's case on its merits. Dismissal of a complaint without a hearing is justified when assuming the factual allegations pleaded by the prisoner to be true (or finding them fully refuted by the record and files) it conclusively appears that he would not be entitled to relief. Section 2255, supra. Conversely stated, where petitioner's allegations, if proven would entitle him to relief, he is entitled to an evidentiary hearing and an opportunity to prove the truth of the matters asserted. See, for example, Romero v. United States, 5 Cir. 1964,327 F.2d 711. If petitioner can prove that which he has asserted, that is the ineffectiveness of counsel which deprived him of his constitutional rights either by conduct during trial or by failure to advise as to rights on appeal or incorrect and misleading advice as to appeal, he must be granted relief.
 
 
 6
 The burden of proof as to these allegations, of course, fall on the 2255 petitioner. We express no view as to Powers' chances of ultimate success in proving his case. We simply direct that a forum be provided him in which to attempt proof of them. The trial judge is directed to appoint counsel for petitioner's representation, and to accord him process for the compulsory attendance of witnesses in his behalf.
 
 
 7
 Reversed and remanded with directions.
 
 
 
 [1]
 These circumstances account for Powers being still incarcerated under a sentence imposed in 1951. He was released on mandatory release in 1964. In 1968 he was arrested as a parole violator and returned to prison. Later that year, in November 1968, Powers escaped from the federal institution in Texarkana, Texas. He was recaptured in 1969, tried and convicted for the escape, receiving a two-year consecutive sentence. He was returned to the Federal Penitentiary at Leavenworth, Kansas on July 2, 1969, for completion of his bank robbery sentence. The present petition was thereafter filed
 
 
 [2]
 Precisely the reverse is of course the correct version of the law. If these questions had been raised and passed upon earlier, the court would not now be required to consider them further under this language from Section 2255: 'The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner'. See Albert v. United States, 9 Cir. 1958, 259 F.2d 268, 17 Alaska 648; Wells v. United States, 5 Cir. 1954, 210 F.2d 112. But cf. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, holding that even if same ground was rejected on merits on prior application for federal relief, it is open to applicant to show that ends of justice would be served by permitting redetermination of the ground, but burden is on applicant so to show