**Johnnie Lintond TILLIS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71-2081
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1971.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**Earl CURTIS, Appellant,**

v.

Johnnie L. Tillis, pro se.

Anthony J. P. Farris, U. S. Atty.,
Carl Walker, Jr., James R. Gough, Asst.
U. S. Attys., Houston, Tex., for respond-
ent-appellee.

Before WISDOM, COLEMAN and
SIMPSON, Circuit Judges.

PER CURIAM:

Affirmed.[1]  See Local Rule 21.[2]

1. The sole contention in this 2255 proceed-
ing was that the trial judge in effect
promised the movant probation if he
would plead guilty. This is refuted by
the transcript of the proceedings in open
court, by the "court's own recollection"
as stated in the trial judge's order, and
by affidavits of the movant's former coun-
sel and of the U. S. Attorney. While we
have held, Powers v. United States, 5 Cir.
1971, 446 F.2d 22; Martin v. United
States, 5 Cir. 1971, 447 F.2d 985 that
controverted issues of fact in Section 2255
proceedings may not be adjudicated on the
basis of affidavits, this case contains no
bona fide controverted issues, and the
trial court was not required in these cir-
cumstances to hold an evidentiary hear-
ing. See Streator v. United States, 5
Cir. 1968, 395 F.2d 661. The propriety
of admitting the former counsel's affidavit
as an exception to the attorney-client
privilege is governed by our en banc deci-
sion in Woodall v. United States, 5 Cir.
1971, 438 F.2d 1317.

2. See NLRB v. Amalgamated Clothing
Workers of America, 5 Cir. 1970, 430
F.2d 966.

* [1] Rule 18, 5 Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Com-
pany of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.