STATE OF NEBRASKA, APPELLEE, v. FRED L. KIMES, APPELLANT.

195 N. W. 2d 216

Filed March 3, 1972. No. 38111.

Merrell L. Andersen, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was convicted of second degree murder upon a plea of guilty and sentenced to imprisonment for 40 years. The appeal challenges the validity of the sentence.

The defendant was originally charged in two counts with murder in the first degree. At the arraignment on October 2, 1970, the defendant pleaded not guilty. On November 25, 1970, the information was amended to charge murder in the second degree and defendant entered a plea of guilty. Before accepting the plea the district judge advised the defendant fully as to his rights; determined that there was a factual basis for the plea; and that the plea was entered voluntarily and understandingly. At this hearing, in response to an inquiry by the court, the defendant stated that there had been no plea bargaining.

At the hearing on sentencing, held on December 23, 1970, the defendant testified as to the circumstances of the crime. He had been renting an apartment from the deceased, Minnie M. Kaminska, who was 81 years of age. A dispute arose over a refund of rent when the defendant was asked to vacate. Mrs. Kaminska refused to refund any part of the rent, the defendant struck her on the head several times with a length of pipe, and took the money from her purse. The State produced addi-

tional evidence concerning the crime and the defendant's criminal record.

The statements of counsel made at the conclusion of the evidence do not appear verbatim, but the record shows that the county attorney recommended a sentence of imprisonment for 50 years. Following the statements of counsel, the trial court imposed the sentence of imprisonment for 40 years.

Immediately following the hearing, a conference was held in chambers where counsel for defendant stated to the court, for the first time, that there had been a plea bargain and that it had been violated. The county attorney acknowledged that there had been an agreement between counsel but denied that there had been any violation of the agreement.

A motion for new trial was filed and an evidentiary hearing held on the motion. At this hearing the defendant's counsel testified that it was their understanding that in return for the defendant's plea of guilty to second degree murder, the county attorney would recommend a sentence for a definite term of years as opposed to a life sentence. If asked by the trial court for a recommendation as to the length of the term, the county attorney would recommend a sentence of 40 years.

The county attorney testified that it was his understanding he was free to recommend a sentence for a stated number of years; that a 40-year sentence had been mentioned during an earlier conference; and that at the final conference he had told the defendant's counsel any recommendation made would be in a high range of years.

It is apparent from the evidence that there was a misunderstanding between counsel as to the terms of the plea bargain. The question to be determined is whether this affords any basis for granting the relief the defendant requests.

Upon the facts presented it is difficult to see where there was any substantial prejudice to the defendant.

The recommendation was to be imprisonment for 40 years. The sentence imposed was imprisonment for 40 years. The motion for new trial was heard before the sentencing judge, and after being fully advised as to the facts and contentions of the defendant, the motion was overruled.

In Santobello v. New York, 404 U. S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427, decided December 20, 1971, the United States Supreme Court vacated the sentence where there had been a breach of the plea bargain. The defendant had agreed to plead guilty to a reduced charge in return for a promise that the prosecutor would make no recommendation as to sentence. At the sentencing hearing a new prosecutor recommended the maximum sentence of 1 year. Upon protest by the defendant, the judge stated that without regard to any recommendation by the prosecutor, the facts disclosed in the probation report required that the defendant be sentenced to imprisonment for 1 year.

The Supreme Court held, in effect, that prejudice to the defendant was not a controlling circumstance. The court stated: "* * * when a plea rests in any significant degree on a promise or agreement of the prosecutor, * * * such promise must be fulfilled." The court further stated: "We need not reach the question whether the sentencing Judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration."

Although the record here does not show a clear breach of a plea bargain, it does show that the plea was induced in part by a reasonable misunderstanding of the

plea bargain. Under all the circumstances, we conclude that the cause should be remanded to the district court for resentencing. For the purpose of that hearing we resolve the dispute concerning the terms of the plea bargain in favor of the defendant. The county attorney shall make no recommendation for imprisonment in excess of 40 years.

The sentence imposed by the district court is vacated and the cause remanded for resentencing.

SENTENCE VACATED; CAUSE
REMANDED FOR RESENTENCING.