Herminio H. GALLEGOS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72–1851
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1972.

On Petition for Rehearing and Rehearing En Banc Dec. 1, 1972.

Herminio H. Gallegos, pro se.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

This post conviction case presents an appeal from the summary denial of a motion under 28 U.S.C.A. § 2255 to set aside a judgment and sentence. Perceiving no basis for granting relief in petitioner's motion, the district judge denied the motion without calling for a response from the United States Attorney and without conducting an evidentiary hearing. We find that petitioner has alleged facts that, if true, will clearly entitle him to relief, and we reverse.

Petitioner, Herminio H. Gallegos, was convicted in 1971 of violating 26 U.S.C.A. § 4744(a)(1) by obtaining marihuana without having paid the transfer tax. Petitioner was represented by counsel and had entered a plea of guilty in open court. He was sentenced to ten years imprisonment as a second offender, *see* 26 U.S.C.A. § 7237, the government having filed a supplemental information indicating that petitioner had been convicted in 1948 of violating the predecessor of section 4744, 26 U.S.C.A. § 2593. Petitioner seeks by the instant proceedings to challenge that judgment and sentence on several grounds.

First, petitioner alleges that he had entered into a "plea bargain" with the government and that the government had breached the agreement after petitioner fulfilled his promise to plead guilty. Under Santobello v. New York, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L. Ed.2d 427; Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Johnson v. Beto, 5 Cir. 1972, 466 F.2d 478; and James v. Smith, 5 Cir. 1972, 455 F.2d 502, petitioner's allegations are here fully sufficient to require that a hearing be held. The cited cases teach that if a plea bargain induced a guilty plea and the government's promise to take some course of action in return is not fulfilled, the person convicted is entitled to relief.

Petitioner questions whether the *court* is not bound by a bargain struck between the government and the defendant in a criminal case. We do not find that that is the law; rather, the cases reveal that such a bargain is either specifically enforceable between the *parties to the agreement* or the plea is void. Thus, if the prosecutor promised to seek only a five year sentence, as pe-

titioner here alleges, that is the promise that must be fulfilled. We note that because the enhancement/recidivist statute, 26 U.S.C.A. § 7237, exacts as a minimum a ten year sentence, the government's seeking to enhance the sentence would violate an agreement to seek only a five year sentence.

■ Section 2255 specifically requires a district judge to conduct an evidentiary hearing and to make findings of fact and conclusions of law with respect to a section 2255 motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* Fuentes v. United States, 5 Cir. 1972, 455 F.2d 910, 911. Machibroda v. United States, *supra* and Santobello v. New York, *supra,* teach that formalistic recitations in the record that indicate the plea was "voluntary" cannot prevent the person convicted from complaining if the prosecutor later breaches the agreement that induced the plea. *See* Hilliard v. Beto, 5 Cir. 1972, 465 F.2d 829.

■ To resolve petitioner's claim, an evidentiary hearing will certainly be required. We do not see how an examination of the record can possibly show that no plea bargain was struck off the record. When the petitioner alleges that his guilty plea and his remarks affirming the totally voluntary character of that plea, including the disavowal of having received any promises from anyone, constituted his part of the agreement, he must be afforded an opportunity to prove whether the bargain was made.

■ Secondly, petitioner alleges that he was deprived of the *effective* assistance of counsel at his trial. Some of petitioner's motions and pleadings in this case were filed *pro se,* and we are not altogether clear what acts or omissions petitioner alleges constitute this deprivation. On remand, the district judge should make a finding regarding the merits of this claim as well. Unless this claim may be conclusively answered from the record, petitioner must be allowed to present his evidence and arguments at an evidentiary hearing.

■ Finally, petitioner alleges that the prior conviction could not constitutionally be used to enhance his sentence. Because the district judge entered no findings at all, we are unable to know why this argument was rejected. As with the second claim, the district judge should investigate the merits of this assertion. If the record is sufficiently complete, findings may be entered after studying the record regarding the conviction and sentencing. If on remand petitioner's claim cannot be conclusively answered from the record, it must be answered only after an evidentiary hearing has been held.

■ Section 2255 both defines and limits the rights of one in federal custody. One filing a motion under that statute has a right to have findings entered in order that he might know the basis for the court's disposition of his claims. Petitioner here was denied that right. Furthermore, petitioner has stated facts that in at least one regard, and possibly three, would if true entitle him to relief. When a hearing is required, the statute does not require that the petitioner be produced at the hearing. We note, however, that this provision can have no application if the petitioner's claim turns on evidence as to which his own testimony is relevant and material.

The district court here made no operative findings of fact, nor is there any indication that the court inspected any records whatsoever. There being no basis for denying the section 2255 motion in the record of the instant proceedings, the judgment below will be reversed and remanded. On remand, petitioner must be afforded every right and protection granted him by 28 U.S.C.A. § 2255, as stated in Powers v. United States, 5 Cir. 1971, 446 F.2d 22.

Rare indeed is the case where a trial judge is endowed with such clairvoyance that a mere reading of an application for a relief under section 2255 can justify its summary denial. Astrological predictions are far beyond the protective horizon of this statute, which is supportive of our Constitution. We are dealing with a remedy analogous to the revered

writ, whose instantaneous and reflexible degradation and denigration we cannot tolerate. There may be a rare case where the petition is self denying, but the one here under consideration is aeons removed. An application for such relief seldom invokes a denial. It invokes judicial commitment to constitutional dogma and is not to be excommunicated ex cathedra.

Reversed and remanded with instructions.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM, and RONEY, Circuit Judges.

BY THE COURT:

A majority of the Judges in active service, on the Court's own motion, having determined to have this case reheard en banc.

It is ordered that this cause shall be reheard by the Court en banc on briefs without oral argument. The Clerk will specify a briefing schedule for the filing of supplemental briefs.