Michael L. BRAXTON, Appellant,

v.

UNITED STATES, Appellee.

No. 7430.

District of Columbia Court of Appeals.

Argued Jan. 30, 1974.

Decided Nov. 20, 1974.

Warren C. Nighswander, Washington, D. C., for appellant. Douglas C. Dodge, D. C. Public Defender Service, Washington, D. C., appointed by this court, entered an appearance for appellant.

E. Lawrence Barcella, Jr., Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry and Robert Alan Jones, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, KELLY and HARRIS, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted on a plea of guilty to the charge of Burglary I, while armed, (D.C.Code 1973, §§ 22–1801(a), 22–3202) and sentenced to a prison term of two to fifteen years. As a part of the bargaining process leading to the plea appellant had agreed that he would waive indictment on the charge to which he pled and the government had agreed that it would not prosecute a pending rape charge against him.[1] In addition, the government had agreed to waive its right of allocution at sentencing.[2]

Appellant later moved the court to reduce his sentence to a term of one to eight years. In support of the motion appellant detailed his efforts at rehabilitation during his four months of incarceration and furnished the court a current psychological re-port suggesting that he would benefit more from release into a minimum security situation than from continued confinement.[3] When the motion was heard the prosecutor reminded the court of the bargaining agreement underlying the guilty plea and stated that while the government had promised not to allocute at the time of sentence, it did not feel bound by that agreement in the present hearing. Then, without objection, he presented information concerning appellant's prior criminal conduct to the court and vigorously opposed a reduction in the sentence imposed. The motion was denied.

Appellant argues to this court that in allocuting at the hearing on his motion for a reduction in sentence the government breached the bargaining agreement made with him before he entered his guilty plea. Relying upon the holding in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), that a breach of a government promise not to allocute at sentencing entitles a criminal defendant to ask either to withdraw his plea of guilt or for resentencing before a different trial judge, appellant requests that his case be remanded for a new hearing on the motion to reduce sentence before another trial judge, at which the government would be held to its promise not to allocute.

■ That the courts will specifically enforce agreements made by the government

---

1. The plea bargaining process has the approval of the United States Supreme Court. Brady v. United States, 397 U.S. 742, 751–753, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

2. D.C.Code 1973, § 23–103, provides in part: At any time when the defendant or his counsel addresses the court on the sentence to be imposed, the prosecuting attorney shall, if he wishes, have an equivalent opportunity to address the court and to make a recommendation to the court on the sentence to be imposed and to present information in support of his recommendation. Such information as the defendant or his counsel or the prosecuting attorney may present shall at all times be subject to the applicable rules of mutual discovery.

3. Super.Ct.Cr.R. 35(a) provides: The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

in the process of plea bargaining is not in dispute.[4] They do so in order to maintain the legitimacy of the bargaining process and to justify its use in the administration of the criminal laws, reasoning that:

> If plea bargaining is to fulfill its intended purpose, it must be conducted fairly on both sides and the results must not disappoint the reasonable expectations of either. . . .
>
> . . . It is . . . important to assure a defendant that after the agreement has received final judicial sanction, it will be carried out according to its terms. Only if it is generally believed that performance on the part of the State will not disappoint a defendant's reasonable expectations will plea bargaining become and remain a truly effective device in criminal administration. Aside from this pragmatic necessity, essential fairness dictates the same result. [State v. Thomas, 61 N.J. 314, 321–322, 294 A.2d 57, 61 (1972).]

Since there is no precedent in this jurisdiction on the precise question posed, we ask whether appellant could reasonably have expected that the government's agreement not to allocute at sentencing would extend to a hearing on any subsequent request that this sentence be reduced. We think that he could not.

Section 23–103 of the Code gives the government a right to allocute when sentence is to be imposed. Here, as a part of a plea bargain made in consideration of then existing facts, the government agreed to refrain from making a recommendation to the court on the sentence it should impose upon appellant. The government abided by its agreement not to speak and

after appellant was sentenced the trial court explained:

> I purposely create or establish under this sentence what I consider is an absolute minimum, so that Mr. Braxton will have a goal, a goal that can be attained by exemplary conduct; and, if attained, will find himself at an age where he is still a young man and still able to go forward with the plans which have been assembled for him.

When appellant requested a reduction in his sentence after a few months' incarceration he supported that request with a recitation of events which had come to pass after the bargaining agreement was executed. As a consequence, the government, as was its right, felt compelled to speak in opposition to the motion by giving the court information relating to appellant's criminal background which was clearly relevant to the question of early release. And it did so without objection from counsel for appellant.[5]

We are aware that at least one court has held that the specific terms of a plea bargaining agreement must be honored not only at sentencing but at a hearing on a motion to reduce sentence as well. United States v. Ewing, 480 F.2d 1141 (5th Cir. 1973). In *Ewing*, the court vacated the defendant's sentence and remanded the case for a new hearing before another judge because the government had breached a bargaining agreement not to oppose a probated sentence. The government had abided by its agreement at the original sentencing, but unfortunately for Ewing the trial judge had refused to grant probation. After imposition of sentence, Ewing moved that the sentence be reduced to probation. The government, then repre-

---

4. Santobello v. New York, *supra;* United States v. Hallam, 472 F.2d 168 (9th Cir. 1973) ; Gallegos v. United States, 466 F.2d 740 (5th Cir. 1972) ; United States v. Carter, 454 F.2d 426 (4th Cir. 1972) ; Dorsey v. Cupp, 12 Or.App. 604, 508 P.2d 445 (1973) ; State v. Kimes, 188 Neb. 85, 195 N.W.2d 216 (1972) ; People v. Barajas, 26 Cal.App.3d 932, 103 Cal.Rptr. 405 (1972) ; People v. Eck, 39 Mich.App. 176, 197 N.W.2d 289 (1972).

5. Appellant was represented by a different public defender at the hearing on the motion.

sented by a different attorney, strongly opposed the request for probation and the motion was denied. The circuit court, also relying on Santobello v. New York, *supra,* said:

> Our case is almost identical to *Santobello* except for the fact that the prosecution fulfilled its commitment at the initial sentencing hearing only to breach it at the subsequent hearing on Ewing's Rule 35 motion for the reduction of sentence. But this distinction is of little import because both of these proceedings were integral parts of the sentencing process in this case. Surely when Ewing obtained the Government's promise not to oppose probation in exchange for his plea of guilty, he did so in the expectation that the benefits of that promise would be available throughout the proceedings relevant to the determination of his sentence. The Government was obligated to fulfill its commitment at least until the question of Ewing's sentence was finally resolved by the sentencing judge. [480 F.2d at 1143.]

■ We regard the *Ewing* case as factually distinguishable in that the government there agreed specifically not to oppose a probated sentence. Thus when he entered the plea Ewing was entitled to a reasonable expectation that the agreement would extend to a hearing on a postsentence motion for the same relief should he fail initially to be placed on probation. A like expectation was not reasonable in this case, however, where the only specific agreement was to waive a statutory right at the time sentence was imposed.

We therefore hold that the government fulfilled its agreement with appellant not to allocute at the time of sentence and was not bound thereafter ot remain silent at the hearing on appellant's motion to reduce sentence.

Affirmed.