George DONIVAN,
Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 74–3802.

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1975.

---

George Donivan, pro se.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Barbara B. Rutledge, Asst. Atty. Gen., Joseph B. Tosterud, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion November 7, 1974, 5 Cir., 1974, 503 F.2d 1401).

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

■ The state asks that we reconsider our earlier decision to apply Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), retroactively. We adhere to our decision, believing that the factors supporting retroactivity weigh heavier in the balance.

■■ Of the three considerations pertinent to the retroactivity issue,[1] only the third strongly favors the state. There will be administrative difficulties, as there are with any rule applied retroactively. We do not underestimate the impact on state resources; however, the crux of the Supreme Court's ruling in Wingo v. Wedding is concern for the integrity of the fact-finding process.[2] The first fact finding may influence heavily, if not dictate, the outcome of the case. Although the question is one of the *degree* of enhancement, ". . . rules designed to enhance the reliability of determinations of guilt or innocence are usually applied retroactively." Williams v. Estelle, 500 F.2d 206, 208–209 (5th Cir. 1974).

Nor was there much ground pre-*Wingo* for reliance on the practice of allowing magistrates to hold initial evidentiary hearings. *Wingo* is no more than a reaffirmance of Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941), a recognition that it survived enactment of the Federal Magistrates Act. The Court found that the text and the history of the Act indicate a desire to *retain* the *Holiday* requirement that judges are to hold the evidentiary hearings. Given the Supreme Court's analysis of the Act—based in material part on the public record—any profound reliance was fatuous.

Particularly swayed by the purpose to be served by *Wingo*—proper finding of facts crucial to the truth—we deny the motion for rehearing. No member of

---

**1.** "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967). *See also,* Williams v. Estelle, 500 F.2d 206, 208–210 (5 Cir. 1974).

**2.** Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 2850, 41 L.Ed.2d 879, 888–889 (1974).

this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, the petition for rehearing en banc is denied. Motion to stay pending application for writ of certiorari is granted.