Henry REED, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–1545.

United States Court of Appeals,
Fifth Circuit.

April 12, 1976.

---

James O. Manning, Metairie, La. (Court appointed), for petitioner-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and MARKEY *, Chief Judge.

GEWIN, Circuit Judge:

Henry Reed appeals from an order denying, without an evidentiary hearing,

* Of the U. S. Court of Customs and Patent Appeals, sitting by designation.

his 28 U.S.C. § 2255 motion to set aside his judgment of conviction and sentence entered on a plea of guilty to two counts of heroin distribution. We affirm.

In September 1972, Reed was charged, along with his friend Alena Marie Elphage, with two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Both defendants initially pleaded not guilty, but on the date set for trial, Reed was rearraigned; he withdrew the original plea and entered a guilty plea as to both counts. After thorough questioning of Reed, his attorney, and the agent who investigated the case, the court accepted the plea and sentenced Reed to concurrent terms of 10 years imprisonment.[1] A few hours after Reed entered his guilty plea, he testified extensively for the defense in the trial of his co-defendant, Elphage.

In his motion, Reed asserts that his conviction and sentence must be set aside for the following reasons: (1) at the time of his guilty plea he was mentally incapacitated as a result of the methadone treatment he was receiving for heroin addiction; (2) he was denied the benefit of a pre-sentence investigation; and (3) he was denied effective assistance of counsel. The same judge who presided over both Reed's plea and Elphage's trial also ruled on Reed's § 2255 motion. Initially, the matter was referred to a magistrate, who ordered that an evidentiary hearing be held on June 25, 1974. Because of the inability of one witness to be present on that date, a special hearing, at which the testimony of this witness was secured, was held before the magistrate on June 7, 1974; a full hearing was never held. On October 31, 1974, the district judge entered his opinion and order denying the motion, having concluded that Reed's allegations were fully refuted by the record and an evidentiary hearing was therefore unnecessary.[2]

An evidentiary hearing is not required on a § 2255 motion if it conclusively appears from the record that the petitioner is not entitled to relief. 28 U.S.C. § 2255; see Tillis v. United States, 449 F.2d 224 (5th Cir. 1971); Powers v. United States, 446 F.2d 22 (5th Cir. 1971). Our review of the record and consideration of the contentions of the parties in their briefs and at oral argument convinces us that this is such a case, and that the court below properly denied the motion without conducting an evidentiary hearing.

Reed alleges that he was incapable of making an intelligent decision concerning his plea. He also states, however, that he incriminated himself in order to be able to testify in Elphage's behalf. He asserts that it was incumbent upon the court to conduct a competency hearing before accepting the plea. Section 4244, 18 U.S.C., provides for a competency hearing on the motion of the government, the defendant, or the court itself, if there is "reasonable cause to believe that a [defendant] may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense . . . ." We held in United States v. Williams, 468 F.2d 819, 820 (5th Cir. 1972), that

1. Subsequently, the court amended the judgment in Reed's absence by adding a three-year special parole term, as required by 21 U.S.C. § 841(b)(1)(A). The court ordered that Reed be returned for resentencing, so that he might be present for this enhancement. Caille v. United States, 487 F.2d 614 (5th Cir. 1973).

2. On June 26, 1974, the Supreme Court decided Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), which held that evidentiary hearings in federal habeas corpus cases must be conducted by a federal judge and not a magistrate. At oral argument, counsel for the government stated, "In the government's opinion, Wingo v. Wedding would be applicable and would be retroactive if it were necessary to have a hearing." See Donivan v. Henderson, 506 F.2d 434 (5th Cir. 1975), vacated and remanded for consideration of question of mootness, 421 U.S. 996, 95 S.Ct. 2392, 44 L.Ed.2d 663 (1975), where we held that Wedding must be applied retroactively. Since we hold that no evidentiary hearing was required, we need not and do not reach the retroactivity issue.

"[u]se of narcotics does not *per se* render a defendant incompetent to stand trial." *Accord, Warren v. United States*, 488 F.2d 862 (5th Cir. 1974). The proper test is whether the defendant can "consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* at 820, *quoting Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

Here, there was no abuse of discretion in the court's failure to order *sua sponte* a competency hearing simply because Reed used narcotics. Nor was any reasonable cause for ordering a competency hearing presented to the court. The court had an opportunity to observe Reed's demeanor and the quality of his responses, both at his arraignment and during Elphage's trial. The judge questioned Reed about his physical and mental health. Reed acknowledged that his attorney had fully explained the options available and the consequences of a guilty plea, and his answers to the court's queries satisfied the judge that he understood his rights. In the Elphage trial, Reed testified that although he was still using heroin he was not at that time under the influence of drugs, and that he had been on methadone treatment for about two years, during which time he had held a job. Nothing in Reed's responses at either proceeding would suggest to the court a lack of competence. *See Warren v. United States, supra.* No evidentiary hearing was required on this issue.[3]

■ The court did not err in refusing to order a pre-sentence investigation. Under Rule 32(c)(1), F.R.Crim.P., a pre-sentence investigation is required "unless the court otherwise directs." It is settled in this Circuit that the preparation and consideration of a pre-sentence report is not a prerequisite to a lawful sentence. *United States v. Deas*, 413 F.2d 1371 (5th Cir. 1969); *see Lantz v. United States*, 417 F.2d 329 (5th Cir. 1969) (dictum). The court afforded the defendant and his attorney an opportunity to present statements and to bring to the court's attention any mitigating factors. There was no abuse of discretion.

■ The court below found, and we agree, that there is no factual basis for Reed's allegation of ineffective assistance of counsel. The right to counsel does not ensure errorless counsel, but "counsel reasonably likely to render *and rendering* reasonably effective assistance." *West v. Louisiana*, 478 F.2d 1026, 1033 (5th Cir. 1973), *quoting MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960) (emphasis in original). The record reflects that Reed's counsel rendered effective assistance.

AFFIRMED.

---

**3.** The district judge who accepted petitioner's guilty plea and presided at the trial of Elphage made the following finding:

In the present case the court also had an opportunity to observe the demeanor and quality of response made by the petitioner. Petitioner's counsel stated at the start of the arraignment that he had reviewed the options and possibilities and that petitioner *knew* and *understood* them. The Court questioned the defendant about the present state of both his physical and mental health. The petitioner testified at length a short time later before the same judge on behalf of his co-defendant. During this testimony petitioner gave extensive answers to both his and the government's counsel. He stated that he was not under the influence of drugs and that he would never lie under oath even to help the woman he loved.