Edward N. JUDGE, a/k/a Ronald
Douglas, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 10270.

District of Columbia Court of Appeals.

Argued April 19, 1977.

Decided Nov. 3, 1977.

Jeffrey Freund, Public Defender Service, Washington, D. C., with whom Frederick H. Weisberg, Public Defender Service, Washington, D. C., was on the brief, for appellant.

Mary H. Weiss, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Bette E. Uhrmacher, Asst. U. S. Attys., were on the brief, for appellee. Richard A. Graham, Asst. U. S. Atty., Washington, D. C., entered an appearance, for appellee.

Before KERN, HARRIS * and MACK, Associate Judges.

KERN, Associate Judge:

Appellant contends prosecutorial misconduct occurring prior to his trial vitiates his conviction for burglary in the second degree [1] and failure to appear in court after

---

* HARRIS, Associate Judge, concurs in the result.

1. D.C.Code 1973, § 22–1801(b).

release in violation of the Bail Reform Act.[2] He filed in the trial court a motion to dismiss with prejudice the indictment against him on the grounds that: (1) the government had refused to perform its part of a bargain to drop the charges against appellant in return for information regarding other crimes appellant had not participated in; and (2) the prosecutor who interviewed appellant and had him testify before the grand jury concerning one of these other crimes had

> improperly interposed . . . into defendant's attorney-client relationship as to have materially and prejudicially interfered with defendant's opportunity in cooperation with his attorney to prepare his defense in this case. [Record at 109.]

The court, after hearing testimony from appellant and the police officers and the prosecutor with whom appellant had spoken between his arrest and trial in the instant case, found that no promise to drop the charges against appellant in exchange for information was made by either the prosecutor or the officers. The trial court was of opinion also (Record at 85) that "it might have been a much better practice" for the prosecutor "to have discussed" with the defense attorney the matter of appellant conferring with him and then testifying about the other cases about which he had information, but this incident "in no way has impeded or confounded a preparation of the defense in this case." (Record at 79.) After the motion was denied, appellant waived trial by jury, stipulated to the facts forming the basis of the counts in the indictment and was found guilty on both counts by the trial judge.

We conclude there was ample evidence to support the judge's findings and conclusions denying appellant's motion to dismiss the indictment. However, appellant does not attack the court's finding that no promises had in fact been made to him by the government to drop the charges against him; rather, he urges that the court should have upheld his "reasonable expectations" that the government would drop charges

against him in exchange for information he supplied about other criminal cases in which he was not involved. Specifically, he states (Brief at 15), "[t]he only question, then, is whether appellant's belief that the charges would be dismissed was reasonable under the circumstances."

■ Given the trial court's findings, supported by the evidence, that *no promise* was ever made, either expressly or impliedly, by the prosecution to drop the two charges, we reject appellant's initial argument that his belief that such action would occur was a "reasonable expectation" and that failure by the government to meet his expectation now requires dismissal of his charges. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Even assuming *arguendo* that appellant had a "reasonable expectation" that the prosecution would drop the charges, an actual agreement or promise must be made before the government may be ordered to perform its part of the bargain. The cases cited to us in appellant's brief on this point all support the proposition that when a plea agreement is made between the defendant and the prosecutor the court has authority to order the government to perform its obligation, thereby satisfying a defendant's reasonable expectations *based on the agreement entered into. See Braxton v. United States*, D.C.App., 328 A.2d 385 (1974); *State v. Thomas*, 61 N.J. 314, 294 A.2d 57 (1972); *State v. Kimes*, 188 Neb. 85, 195 N.W.2d 216 (1972).

■ Turning now to appellant's contention that the prosecutor engaged in misconduct by interviewing appellant about a pending homicide case of which he asserted he had information and in which he was not a suspect, we agree with the trial court that the better practice would have been for the prosecutor to notify defense counsel about this matter. However, the record reflects that appellant himself withheld from his attorney the fact of his conversation with the prosecutor, including his brief appearance before the grand jury (Record at 17,

---

2. D.C.Code 1973, § 23–1327(a).

27–28), and the defense attorney acknowledged at the hearing of the motion that appellant "was being very coy in his conversation with me and was quite clearly not trying to explain the whole situation to me." (Record at 47–48.) In this case, it appears that appellant chose to negotiate with the government without consulting or informing fully his appointed attorney by using information he had about *other* cases to better his position in his *own* case. We take it that a defendant's right to represent himself, *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), includes the right to negotiate directly with the police and prosecutor. Given that action by appellant here and the further fact that the prosecutor insisted appellant talk *only* about the pending homicide in which he was neither involved nor suspected of involvement and refrain from any mention of his own pending cases, we are constrained to conclude that there was no violation of due process or overreaching on the government's part so as to require reversal.[3]

*Affirmed.*

---

**3.** In *Boykins v. United States*, D.C.App., 366 A.2d 133 (1976), we referred to the rule of the prosecutor's office against *ex parte* communication with a defendant and pointed out the potential for violation of due process lurking in any departure from that rule. Here, the Assistant United States Attorney did *not* discuss the cases pending against appellant with him outside the presence of his attorney. Nevertheless, as the experienced trial judge commented, it "might have been a much better practice" for the prosecutor to notify appellant's attorney of the discussion that took place about the other cases.